UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER J. WHALEN, an individual,

    Plaintiff,

v.

NATIONAL OCCUPATIONAL HEALTH STRATEGIES, LLC, a Missouri Corporation, and SCOTT JONES and the marital community of SCOTT and JANE DOE JONES; LEA ANN SHERIFF and the marital community of LEA ANN and JOHN DOE SHERIFF; CRAIG HELIGMAN and the marital community of CRAIG and JANE DOE HELIGMAN,

    Defendants.

CASE NO. C05-0915RSM

ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter is now before the Court for consideration of defendants' motion to dismiss for lack of personal jurisdiction. The Court has considered the pleadings and memoranda of the parties. For the reasons set forth below, the Court hereby DENIES defendants' motion.

## FACTUAL BACKGROUND

Plaintiff Peter Whalen, a Washington resident, filed this diversity action against National Occupational Health Strategies ("NOHS"), a Missouri corporation, and against its owners (Lee Ann Sheriff, Craig Heligman, & Scott Jones) individually and their marital communities ("Individual

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 1

Defendants"). In February of 2004, the Individual Defendants (the founders and operating members of NOHS) recruited plaintiff by telephone for a position with their company. Plaintiff was recruited to assist NOHS in securing a multi-million dollar contract with Union Pacific Railroad to design and implement a Physical Exam Management Program ("PEMP"). During the course of the recruiting process, the Individual Defendants and plaintiff orally agreed to the terms of plaintiff's employment and compensation with NOHS.

In March of 2004, the Individual Defendants, acting on behalf of NOHS, signed and mailed to plaintiff a written agreement as to the terms of plaintiff's position and salary. Plaintiff found the contract's terms insufficient and the Individual Defendants agreed to modify and reduce new terms to writing. During this time with no written agreement, plaintiff continued to pursue the Union Pacific contract for NOHS. On July 27, 2004, Union Pacific awarded a $2 million contract to NOHS. After July of 2004, the Individual Defendants and plaintiff had some disputes over plaintiff's compensation and title. In October of 2004, plaintiff helped to successfully implement the PEMP. In January of 2005, after continued disputes over plaintiff's wages and title, and with plaintiff continuing to have no written employment contract, NOHS terminated plaintiff. Plaintiff was at all relevant times a Washington State resident. The Individual Defendants were at all relevant times Missouri residents. NOHS is a Missouri corporation with its principal place of business in Missouri. All communication between the parties appears to have occurred by telephone or by mail.

Plaintiff filed this action against defendant NOHS and against the Individual Defendants, the owners and operators of NOHS. The complaint sets forth nine causes of action: breach of contract, conversion, negligent infliction of emotional distress, negligent misrepresentation, promissory estoppel, unjust enrichment (quantum meruit), fraud, and intentional withholding of wages. NOHS corporation does not dispute that it is subject to jurisdiction in this court. However, the Individual Defendants have brought an F.R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction.

## ANALYSIS

Plaintiff brings several causes of action arising out of an employment situation between himself and NOHS. Plaintiff is suing the Individual Defendants in their capacities as NOHS's owners, officers,

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 2

and decision makers. In his brief in opposition to the Individual Defendant's motion to dismiss, plaintiff makes several allegations regarding the Individual Defendant's contacts—as NOHS' owners, officers, and decision makers—with Washington State. In their reply, the Individual Defendants argue that their actions on behalf of NOHS cannot be used to determine whether they are personally subject to jurisdiction in Washington. This contention is incorrect.

In *Calder v. Jones*, the United States Supreme Court explained that "[p]etitioners are correct that their contacts with [the forum state] are not to be judged according to their employer's activities there. On the other hand, their status as employees does not somehow insulate them from jurisdiction." 465 U.S. 783, 790 (1984). The Court further characterized the jurisdictional analysis in *Calder* as "reject[ing] the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984).

The Ninth Circuit has further defined the limits of the corporate veil with regard to establishing long-arm jurisdiction. *Davis v. Metro Productions, Inc.*, 885 F.2d 515 (9th Cir. 1989). The court explained that in the *Calder* and *Keeton* cases, "the Supreme Court applied the constitutional due process analysis to the contacts of the individuals concerned; it did not consider the existence of a state-created corporate form to create a due process limit on jurisdiction." *Id.* at 521. The Ninth Circuit acknowledged that there may be anomalous consequences to asserting long-arm jurisdiction over corporate officers for reasons distinct from those that would allow the corporate veil to be pierced in questions of liability. *Id.* at 524. However, those consequences do not arise in cases like *Davis* and *Calder* because the purposeful actions taken by the individual defendants that led to their amenability to jurisdiction were the very actions upon which liability was based. *Id.* at 524. In those instances, the corporate form will not serve as a due process limit on jurisdiction. Washington decisions follow the *Davis* rationale. *See, e.g., Crown Controls Inc. v. Smiley*, 47 Wash. App. 832 (1987) (finding that the president of an Oregon corporation had sufficient minimum contacts with Washington though functioning in capacity as president). Thus, the Individual Defendants can be subject to personal jurisdiction in Washington based upon their actions on behalf of NOHS.

"The district court's determination of a party's amenability to suit is made by reference to the law

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 3

of the state in which it sits. *Peterson v. Kennedy*, 771 F.2d 1244, 1262 n.12 (9th Cir. 1985). Though not explicitly stated in Washington's long-arm statute, RCW 4.28.185, the Washington Supreme Court has held that the statute "extends jurisdiction to the limit of federal due process." *Shute v. Carnival Cruise Lines*, 113 Wash. 2d 763, 771 (1989). The Court may establish personal jurisdiction over non-resident defendants using either general jurisdiction or specific jurisdiction.

A. General Jurisdiction

A court may constitutionally exercise general jurisdiction over nonresident defendants when their operations within the state are so substantial and of such a nature as to justify suit in the forum state, even if the cause of action before the court arises from dealings entirely distinct from those activities. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Plaintiff alleges that the Individual Defendants made a series of phone calls to plaintiff in Washington and also sent a contract to him there. The only other contacts that the Individual Defendants have had with Washington include Lee Ann Sheriff's visit to Washington in the mid-1990s; Craig Heligman's attendance at a medical conference; and Scott Jones' attendance at a training session, a short vacation in Seattle, twice stopping at SeaTac Airport on lay-overs, and one visit to give a presentation. These brief contacts with Washington are not continuous and substantial enough to subject any of the Individual Defendants to general jurisdiction.

B. Specific Jurisdiction

In order to exercise specific jurisdiction over a non-resident defendant under the Constitution:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable.

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (citing *Data Disc, Inc. v Systems Tech. Assocs.*, 557 F.2d 1280, 1287 (9th Cir. 1977)). The above test must be met for each defendant individually. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Thus, in order to subject the Individual Defendants to specific jurisdiction in Washington, they must each meet all three prongs of the

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 4

above test. However, other than the initial phone call to plaintiff by Craig Heligman, plaintiff alleges that the Individual Defendants acted together during all communications, negotiations, and agreements between themselves and plaintiff. The Individual Defendants have not denied that they all worked together when making contacts with plaintiff. Therefore, the following jurisdictional analysis applies to all three of the Individual Defendants.

### 1. Purposeful Availment

Plaintiff has alleged both negligent and intentional tort claims against the Individual Defendants. The Ninth Circuit has noted:

> The purposeful availment requirement ensures that defendants will not be haled into a jurisdiction through random, fortuitous, or attenuated contacts . . . In tort cases . . . jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state.

*Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (citations and internal quotations omitted).

The crux of plaintiff's tort claims is that the Individual Defendants willfully misled plaintiff into acting for NOHS' benefit and then purposefully withheld money due to plaintiff. The purposeful availment analysis has been expanded in the tort context to permit jurisdiction when the claimant makes a *prima facie* showing of "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered-and which the defendant knows is likely to be suffered-in the forum state." *Panavision Int'l, L.P. v. Teoppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (citing *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1486 (9th Cir. 1993)).

#### a. Intentional Actions

For the purposes of this motion, the Individual Defendants do not dispute plaintiff's allegations that they induced plaintiff into securing the Union Pacific contract and implementing the Physical Exam Management Program, and that thereafter the Individual Defendants terminated plaintiff and refused to pay plaintiff the wages that he claims he is entitled to. Fraud and the tort of conversion are intentional torts. The Court therefore finds the intentional action requirement fulfilled as to the fraud and conversion claims.

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 5

### b. Expressly Aimed at the Forum State

In the Ninth Circuit, the express aiming requirement is satisfied "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (finding specific jurisdiction in California over a defendant from Georgia whose letter to Virginia domain-name registrar was aimed at a California corporation and the effect of the letter was primarily felt in California). The express aiming requirement will be satisfied if the court finds that plaintiff is a resident of Washington, and that the Individual Defendants knew it.

Here, the Individual Defendants do not contest plaintiff's claim that, at all times relevant to this suit, he has been a resident and citizen of Washington State. The Individual Defendants also do not contest plaintiff's claim that the Individual Defendants recruited plaintiff by telephone in Washington and mailed a prospective contract to plaintiff at his Washington address. Upon these facts, it appears that plaintiff is a Washington resident and the Individual Defendants had knowledge of that fact. The Court thus finds that the Individual Defendants' actions were expressly aimed at Washington.

### c. Harm Suffered

Plaintiff's claim for damages includes lost wages, compensatory and consequential damages, adverse tax consequences, and emotional damages. The Individual Defendants made telephone calls and sent a written contract to plaintiff in Washington. They were necessarily aware that any harm to plaintiff flowing from these contacts would be felt by plaintiff in Washington. Because the Individual Defendants' intentional actions were aimed at plaintiff in Washington State, and plaintiff has suffered harm in Washington from those actions, the Court finds that the purposeful availment standard has been established.

### 2. Arising Out of

Washington uses a "but for" test to determine whether or not a claim arises out of the defendant's forum related conduct. Thus, a claim "arises from" a nonresident defendant's act or transaction in the state, within meaning of the long-arm statute, if the cause of action could not have arisen but for activities of the nonresident defendant in the forum. *Shute v. Carnival Cruise Lines*, 113 Wash. 2d 763, 772

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 6

(1989). In this case, the Individual Defendants telephoned plaintiff in Washington and recruited his services for NOHS. They also sent a written contract to plaintiff in Washington. The current dispute would not have arisen but for the Individual Defendants' forum related contacts. The Court therefore finds that the Individual Defendants purposefully availed themselves of the privilege of conducting activities in Washington when they expressly aimed their activities toward Washington, and plaintiff's current claims have arisen directly from those contacts.

### 3. Reasonableness

The determination as to whether the exercise of long-arm jurisdiction is reasonable, as needed to satisfy due process, requires consideration of the quality, nature, and extent of the defendant's activity in the state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the parties, and the basic equities of the situation. *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wash. App. 462, 468 (1999). Here, the Individual Defendants recruited plaintiff, a Washington resident, entered into salary and wage negotiations with him, and sent a written contract by mail to plaintiff's Washington residence. Plaintiff appears to have performed his services on behalf of defendants from Washington. Plaintiff alleges that the Individual Defendants' actions have caused him harm, all of which has occurred in Washington State. Washington has a legitimate interest in protecting the legal rights of its residents. *Sorb Oil Corp. v. Batalla Corp.*, 32 Wash. App. 296, 301 (1982). Given that the Individual Defendants purposefully reached into Washington to recruit plaintiff, and given plaintiff's alleged harm stemming from his relationship with the Individual Defendants, it is fair to require the Individual Defendants to defend their actions in Washington. The equities lie with plaintiff, the injured party who was recruited in Washington and who has remained a Washington resident. Furthermore, it would be extremely inconvenient for plaintiff to seek redress in Missouri. Based upon these factors, the Court finds that exercising jurisdiction over the Individual Defendants is reasonable.

### CONCLUSION

The Court finds that the Individual Defendants purposefully availed themselves of the privilege of conducting activities in Washington; plaintiff's claims have arisen directly from the Individual Defendants'

1  contacts; and the exercise of personal jurisdiction over the Individual Defendants is reasonable.
2  Accordingly, the Individual Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

5       DATED this 24 day of January 2006.

                              _____
                              RICARDO S. MARTINEZ
                              UNITED STATES DISTRICT JUDGE

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 8