Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PETER J. WHALEN, an individual, | |
| Plaintiff, | Case No. 05-0915 RSM |
| v. | |
| NATIONAL OCCUPATIONAL HEALTH STRATEGIES, LLC, a Missouri corporation, and SCOTT JONES and the marital community of SCOTT and JANE DOE JONES; LEA ANN SHERIFF and the marital community of LEA ANN and JOHN DOE SHERIFF; CRAIG HELIGMAN and the marital community of CRAIG and JANE DOE HELIGMAN, | CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| Defendants. | |

The parties have jointly moved for entry of a protective order, whereby Defendants, National Occupational Health Strategies, LLC, Scott Jones and the marital community of Scott and Jane Doe Jones, Lea Ann Sheriff and the marital community of Lea Ann and John Doe Sheriff, Craig Heligman and the marital community of Craig and Jane Doe Heligman, and Plaintiff, Peter Whalen, agree that, during discovery, Defendants, Plaintiff, and their attorneys may be given access to certain confidential employee records, business records, and other confidential information in the possession, custody, or control of the opposing party, and the parties and counsel for the parties receiving that confidential information are to hold such

documents and information in confidence, using such information and documents only in connection with the prosecution of this pending litigation.

Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.  Good cause exists for the issuance of a Confidentiality Agreement and Protective Order here because a majority of persons associated with this matter move in a relatively small business community and, if the confidential information described herein was known in the general community, that knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could, potentially impact upon certain persons' personal and work relationships.

Therefore, in consideration of the parties' Joint Motion for Entry of a Confidentiality Agreement and Protective Order to protect confidential and proprietary information that may be produced in connection with Plaintiff's claims and Defendants' defenses, after a review of the proposed Order and based on good cause shown, it is hereby ORDERED that the Joint Motion for Entry of a Confidentiality Agreement and Protective Order is GRANTED and the following Confidentiality Agreement and Protective Order is entered:

1. Any documents, limited to the following categories, may be designated as "Confidential" by the producing party.  The categories are:

   (a) Business organization and strategy information;

   (b) Financial information not publicly filed with any federal or state regulatory authorities, including but not limited to tax returns and supporting documentation;

   (c) Commercial and proprietary information which has not been disclosed to the public;

   (d) Personnel information, including but not limited to, any wage and/or benefits information;

   (e) Confidential customer information; and

   (f) Medical records and/or other medical information.

2. The party claiming a document or information is confidential shall mark "CONFIDENTIAL" on the face of any document the party believes should be treated as confidential pursuant to this Order. Each page shall be stamped by the producing party with an identifying "bates" number.

3. Documents designated as "Confidential" and any copies of such documents and any information contained in or derived from such documents, shall be made available only to the following persons when needed by them in connection with their duties in the conduct of this action:

(a) Attorneys of record in this litigation, their partners or associate attorneys;

(b) Any persons employed by such attorneys or their firms, when working in connection with this litigation under the direct supervision of partners or associate attorneys of said firms;

(c) The Court;

(d) Any mediator or other neutral appointed by the Court or chosen by the parties;

(e) Court reporters, videographers, and/or other official personnel reasonably required for the preparation of transcripts of testimony;

(f) My current or former officer, employee, agent or subcontractor of the Defendants;

(g) All experts and consultants retained by any party for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the producing party;

(h) Witnesses necessary to the prosecution or defense of the case; and

(i) Any other person on such terms and conditions as the parties may mutually agree, or as the Court may hereafter direct by further Order.

4. Except as provided in this Order, no copies of material designated as "Confidential" shall be made or furnished, and no information contained in such material shall be disclosed to any person, firm, or corporation except those identified in this Order, without prior written consent of the party to whom the records belong or their attorneys of record in these actions. Prior to the disclosure of any material or information designated as "Confidential," the attorney making such disclosure shall require such person, firm, or corporation to execute Exhibit A indicating agreement to be bound by the terms of this Order.

5. Material designated as "Confidential" may be disclosed to deponents other than those previously listed, during their preparation for, and the taking of, their depositions, provided that prior to such disclosure the deponent executes Exhibit A indicating agreement to be bound by the terms of this Order. Such deponent may not divulge any such material or the information contained in such material to any other person, firm or corporation.

6. This Order does not restrict or limit the use of confidential material at any hearing or trial.

7. In the event that any party to this litigation disagrees with the designation of any information as "Confidential" information, the party shall first confer with the other parties as to whether they will agree to a change. If this fails, either party may seek appropriate relief from the Court. Exceptions to this Order may be made by unanimous agreement of the parties to it, and any party may seek relief from the Court. The producing party shall always have the burden of showing that the materials are confidential and/or proprietary in nature rendering them subject to this Order. This Order shall be without prejudice to any party to bring before the Court the issue of whether any particular information is, or is not, confidential.

8. The entire text of any deposition, including exhibits, shall be treated as confidential under this Order for a period of 30 days following the deposition, during which time the producing party may determine whether such materials and information shall be marked confidential. In the event that the producing person or party inadvertently fails to designate discovery material as "Confidential" in this or any other litigation, it may make such a

designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated discovery material as confidential, subject to their right to dispute such designation in accordance with paragraph 7.

9. All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees and agents comply with this Order. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

10. The terms of this Order shall survive and remain in effect after the termination of this litigation. The parties shall take such measure as are necessary and appropriate to prevent the public disclosure of confidential discovery material, through inadvertence or otherwise, after the conclusion of this litigation.

11. Within thirty (30) days of the termination of this litigation (including any appeals) or such other time as the producing party may agree in writing, the parties shall return the confidential discovery material to counsel for the producing party. Outside counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that counsel in the ordinary course of business, which records will continue to be maintained confidential in conformity with this Order.

12. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party, in writing, of such inadvertent production.

13. The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

14. All parties who review documents subject to the terms of this Order are hereby bound by the terms of this Order and subject themselves to the jurisdiction of this Court.

1     IT IS SO ORDERED:

3 Date: April __11__, 2006.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Agreed as to form,

/s/ Garrett R. Ferencz
Scott C. G. Blankenship, WSBA #21431
Garrett R. Ferencz, WSBA #32883
The Blankenship Law Firm, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
Tel: (206) 343-2700
sblankenship@blankenshiplawfirm.com
gferencz@blankenshiplawfirm.com

**ATTORNEYS FOR PLAINTIFF**


/s/ Amy M. Fowler
Amy M. Fowler, Mo. Bar #52359 (pro hac vice)
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Tel:  (816) 983-8000
FAX:  (816) 983-8080
afowler@blackwellsanders.com

Susan K. Stahlfeld, WSBA #22003
Rachel J. Drake, WSBA #31934
Miller Nash LLP
601 Union Street, Suite 4400
Seattle, Washington 98101
Tel:  (206) 622-8484
FAX:  (206) 622-7485
susan.stahlfeld@millernash.com
rachel.drake@millernash.com

**ATTORNEYS FOR DEFENDANTS**